Thank you, Your Honor. Paul Gale on behalf of California State University Fullerton Foundation. We recognize that when a bankruptcy appellate panel remands an appeal back to the bankruptcy court for further factual findings, that order is not necessarily final. But under the flexible finality standard applicable to bankruptcy appeals, and given the unique nature of bankruptcy proceedings, this case fits neatly within this circuit's longstanding recognized exceptions. Judge Wallace, I've studied your dissent in In re Saxman, and I appreciate that analysis, which depends from the Supreme Court's germane opinion. But the germane opinion did not address what is meant by final decision under 28 U.S.C. Section 158D, nor did the germane court specifically address the flexible approach courts' appeals have given to finality in bankruptcy proceedings. Germane only considered whether circuit courts have jurisdiction over appeals from interlocutory orders issued by a district court sitting as a court of appeal in bankruptcy, and the Supreme Court held that such interlocutory orders are appealable only under 28 U.S.C. Section 1292B, and are final under Section 1291, because interlocutory review is not available under Section 1292B for appeals from bankruptcy appellate panels. So shortly, I've ---- Roberts, I've struggled for years with bankruptcy finality. I taught Federal jurisdiction. I like these nice line, nice drawn lines for jurisdiction. But it isn't the case in bankruptcy. It's flexible. It's a practical approach. And if this is something that will help the bankruptcy court decide the case initially, we just grab jurisdiction. It seems to me that this ---- It's pretty hard to say that a decision from this court won't help resolve the issue for the bankruptcy court, because the BAP went one way and the bankruptcy court went the other. If we can tell them which is right, it will certainly assist in disposing of the case. Why isn't that sufficient under our cases for sufficient finality in bankruptcy cases for us to have jurisdiction? I think it is totally sufficient. I just ---- When I read your dissent, it was so passionate about how to reconcile Vylene with Germain, and I thought I would confirm ---- Even though it wasn't really briefed that much in our papers, I thought I would just raise it. I certainly believe that this Court's consistent and longstanding practice of the flexible finality rule and the pragmatic approach would clearly apply in this case. And I'm not troubled at all by Germain, because it was really limited to a situation where there were ---- it was an interlocutory appeal under 1292B. And I think in Vylene and in all the cases that have come down since then, including Olgin, which I think is one of the last cases on the subject, it says the trend in this circuit is actually to apply a more liberal approach if it will aid in resolving the dispute forever. And I think that's exactly what this case is all about. When this Court ---- This is now the second time we've been in front of the Ninth Circuit, and I would like to quote one. The trustee acknowledged in his opposition to the motion for summary judgment that the facts are not in dispute. And this acknowledgment comes from Mr. Ehrenberg's opposition papers in the bankruptcy court where he said, and this is from the excerpts of record at page 188, quote, the actual or objective facts are not themselves in dispute. Rather, there is a dispute as to the legal inference or conclusion that can and or should be drawn from those facts. So the issue presented on this appeal is purely a legal question from my perspective, and that's why I think it fits neatly within the flexible finality rule. The legal question is whether the BAP's findings in ultimate remand holding are directly at odds with Celotek's in its progeny. Because notwithstanding this Court's observation and the party's recognition of the absence of any facts in dispute, the BAP reversed and remanded, concluding that there are multiple issues of fact yet to be determined, that summary judgment was not appropriate. But I would submit that there's no basis for that statement. The Foundation met its initial burden in its summary judgment motion, because contrary to what the BAP found, the Foundation has no burden to negate or disprove matters on which Mr. Ehrenberg would have the burden of proof. Isn't that the main issue before us, counsel, that who has the burden of proof? That's correct. That's a legal issue. And I submit that under Celotek's, our burden was met when we showed that there was an absence of evidence to support Mr. Ehrenberg, the trustee's claims of a fraudulent conveyance. It then became incumbent upon him to come forward with evidence to show that the three prongs of the fraudulent conveyance act were met. And, in fact, he failed to produce any evidence whatsoever refuting the Foundation's evidence. There was no material facts as to whether the Foundation was an initial transferee. There were no material facts in dispute as to whether the debtor was insolvent as a result of the transferred funds. And the transfer occurred 18 months before the bankruptcy petition was filed. There were no material facts in dispute as to whether the Foundation took the transfer of funds to renovate the sports complex in good faith. Let me ask you about one of your questions you just talked about, and that is whether or not the issue that came up, what the trustee put before, tried to put before the bankruptcy court, were the schedules of the bankruptcy. That's a problem. But the objection was lack of Foundation hearsay and irrelevance. Correct. And the bankruptcy court didn't say which one he agreed to. He just said objections sustained. Objection sustained as to the introduction into evidence of the bankruptcy schedules. Well, I know. I understand that. But to me, you've made it. You've made three objections, and he didn't tell you which one he agreed with. I don't think that that matter is before the court because Mr. Ehrenberg, the bankrupt trustee, did not appeal that evidentiary ruling when it filed its notice of appeal. And so I don't think that that matter is before the court. However, if one were to review that evidence, one would see that they're unauthenticated. There's no indication as to who prepared them. They're unpaginated. They're unsigned. They don't tie in any date in particular. In order for an issue to be raised regarding insolvency, you would have to show that the transfer of the second $500,000, which was made in January of 1998, rendered the debtor insolvent or the debtor was insolvent at the time. Those schedules, even if you looked at them and analyzed them and studied them, don't show anything that occurred with respect to the date of the transfer in 1998. All they show is that, well, to the extent that the debtor was insolvent, the debtor was insolvent. All they show is the assets and liabilities at the time of the filing of the bankruptcy, but that was a year and a half later. Counselor, I'm interested. You, of course, declined move for summary judgment. We're talking about, given the California statute, a matter of whether the debtor was insolvent or would be charged insolvency or solvency at the time of the transfer. There's no evidence, but that's not our burden. Our burden is to come forward and say there's no evidence of insolvency, and then the burden shifts to the nonmoving party, who has that burden of proof at trial, to come forward with the evidence. And in fact, what we have in the record... Why is it that that is your burden? Why is it insolvency in order to meet the standard? Because the standard is not whether the debtor is solvent at the time of the transfer. It's whether, under 3439.5, whether the transfer causes the debtor to become insolvent or the debtor was insolvent. So it's like the flip side. And what we did submit in support of our motion for summary judgment was we had a document request asking for evidence of insolvency. We had a response saying we'll produce it. And I wrote six letters. Where are the documents? Where are the documents? We never got that. So we tried to get during discovery the evidence, but really it's just not our burden of proof. The statute does not require a showing of solvency. It's converse. It's... all of the appropriate facts upon which to make the decision. And then if there are no disputed facts, of course the judge can make the decision. My reading is, and I guess I'll talk to counsel about this as well, that once having showed the reasonably equivalent value, one need not determine whether one is solvent or not solvent. Because if it's a reasonable equivalent value, it doesn't matter as to the solvency. Well, as I read the statute, it's not only that, but there are three prongs that must be met. There has to be a transfer, reasonably equivalent value, and insolvency. And I would submit that the absence of any one of those three prongs is fatal to the trustee's case. And of course, our position is that the foundation was never a transferee under the Bullion Reserve standard. We documented this in detail in our briefs. And basically the foundation was there to administer the contracts on behalf of the university. They get the first $500,000 and they start the renovation to the sports complex. They get the second $500,000 directly from Beachport. And the only difference is the university was not the middleman, but the same work was done. And I would submit that there was no dominion and control as required by Bullion Reserve. There was no ability to use the funds by the foundation other than for the express purpose as contemplated by the Bullion Reserve. This is crystal clear here. The foundation was just not a transferee. So a trustee did not come forward rebutting that position. No evidence. What's interesting, if you look at the summary judgment papers, there's no law cited by the trustee. There is no evidence submitted by the trustee other than some newspaper articles from the LA Times and some other journals and the bankruptcy schedules. That's it. So really, we are dealing with an absence of factual disputes. Well, you've answered a question that I was going to ask you. That's what I thought was the total of the evidence submitted. That wasn't received in evidence. I'm sorry? Was that received in evidence? Was that received in evidence? No, neither. You rejected to it. The court sustained our evidentiary objections as to both. So there's nothing in evidence? There is nothing in evidence. There is no appeal of the court's ruling. And I agree with Your Honors that it just says sustained, and we don't know the reason, but it's de novo review anyway. And I would submit the same rationale that I've just said. I mean, here are these bankruptcy schedules. So obviously, they were prepared and filed a year and a half after the transfer. And the case law says that after a few months, you don't even look at what the value is or the solvency or the insolvency at the time, because a lot happens in an 18-month period. So all we have are unauthenticated schedules, whatever they are, that were submitted or prepared 18 months after the fact. And I think I, unless the court had further questions at this time, I'd like to reserve for the balance. Thank you. Thank you. Good morning, Your Honors. Good morning. My name is Rebecca Parker. I represent the Chapter 7 trustee in this bankruptcy, Howard Ehrenberg. And I was the one who was recently familiar with what exactly happened in this case. First of all, let me address the issue of the jurisdiction. I think, really, that there are two alternatives for this Court as far as the way to deal with this case. You can either decide not to take jurisdiction because this is a factual issue that should be decided by a trial court because it was an interlocutory kind of appeal, or you can just go straight to the BAP opinion and say that there just are too many facts that have to be determined by the trial court. Either way, whether you go the jurisdictional route or whether you just take the BAP opinion at face value and agree that there are genuine issues of fact, either way, you're really coming to the same conclusion. It's just a matter of which way the policy of this Court, the policy of the Ninth Circuit should go as far as precedent, whether or not you want to go the road of limiting the amount of cases you take that are this type or whether you want to open the door a little further and make it easier for these kind of cases to get before the Court. But you would agree, I guess, counsel, that the facts are not at dispute here? No. There were no facts that you submitted that the Court allowed. The only facts that we have in this record based on what the Court has done is the Dickerson affidavit, correct? The Dickerson affidavit and the affidavit I filed where I attached parts of what were already parts of the Court's record, including the bankruptcy petition and schedules. But the effect, the fact, the major fact, I think, really the major fact that is in dispute that never got argued and I don't think the Court considered was reasonably equivalent value. Because if you look at the... Well, just one second. I guess I'm still under jurisdiction. Right. Given Judge Wallace's question that we've got the bankruptcy court going one way and BAP going another, and this would be certainly a time to help try to resolve that in order that the issue could go forward, it seems to follow the precedent that this Court has set out for taking this case under review. I think it's going to be a question of whether the panel wants to make a policy decision and look at the policy of whether the bankruptcy court, trial court level, should be the court that looks at the facts themselves as to whether or not there are genuine issues of fact in dispute, or whether the court wants to make a decision on that level and send it back with instructions on the law portion of what we're arguing. For instance, what is reasonably equivalent value, that sort of thing. Well, don't you think, don't you think it would be advanced if we make that decision? We may decide in your favor and say the BAP is right, it goes back, and that will occur. But if we went the other direction, then the case would be tried differently. Why doesn't that, under this very loose language that I confess I have difficulty with, but why doesn't, why won't this materially aid the bankruptcy court in disposing of the case? I think if you look back at what exactly happened in this case at the trial court level, you would lean in favor of going the jurisdictional route, and maybe only slightly. And the reasons I would give for that are if you look at the pleadings that were filed, a motion filed by the California State University Foundation dealt almost exclusively with sovereign immunity. It was almost an issue brief, summary judgment adjudication on that particular issue. And that is how the trustee responded to it, on the issue of sovereign immunity, and then agency is what the trustee saw as the main issue there, whether or not they could be seen as an agent. So all the briefing, everything, and I think probably the judge's decision, although we don't know that because of what we have, was based upon the sovereign immunity theory. Well, that's not even an issue anymore. And I think that none of the facts were really looked into with regards to the fraudulent transfer law. And that is why this is a case that is almost a poster child, maybe, for saying this is really the trial court's area. The trial court should be given an opportunity, given the situation, that it was really just sovereign immunity that was talked about, to go back and look at the facts of the fraudulent transfer action. The problem that I have, Counselor, is that you lost badly in the trial court for your argument, but it was based upon a summary judgment standard of review. Summary judgment is that the trial court has to find that there's no genuine issue of fact, and that based on my look at the pleadings, the affidavits, everything that I could have in this record, I find no genuine issue of fact. I give every material benefit of the facts I find in front of me to the non-moving party, and now I decide an issue. In this particular instance, they filed a motion for summary judgment, Rule 56, pretty straightforward in that if you're going to try to fight summary judgments, you ought to put some evidence on in order to try to fight it. So you put some affidavit, in fact, that will try to do you some good there, and the bankruptcy court says, hey, I'm not having any of that. It isn't for the objection sustained, and you don't appeal that. All we have in front of us now is whether there was in Mr. Dickerson's affidavit enough to sustain the summary judgment that the bankruptcy court gave, and Mr. Dickerson's affidavit certainly addresses reasonably equivalent value. The only thing that it doesn't really address is insolvency or solvency, but there's nothing in here that would suggest, given the California statute, that that even would come up if there's reasonably equivalent value, because if you look at the California statute, as long as they give reasonably equivalent value whether they're solvent or insolvent, it isn't something that the bankruptcy estate can do much about. So if you're going to argue I was insolvent at the time, we should add some evidence about that, the thing that was brought up. He sustained the objection and you didn't appeal. Now I'm left with what do I do? I understand the court's problem, and all things being equal, if the estate could go back in time, we would appeal the objection to that evidentiary issue. However, I do believe that there was a burden of proof on behalf of the foundation to show reasonably equivalent value, and I don't believe that was done. Well, now that's the main issue, isn't it? That is the main issue. If you look at the Dickerson declaration — Now there's — we ought to take a look at the cases, I suppose, and find out who has the burden. This Magia case seems to me to be a significant case where the court holds the burden of proof is on the party challenging the transfer. Now, here the trustee is challenging the transfer, and if that case is correct then the trustee had the responsibility of bringing forth the evidence, the burden of proof. The trustee submitted a declaration that said there was a transfer which was not disputed and that there's nothing in the debtor's books and records to show any value of that transfer. And that's the testimony that we have in our declaration. Okay. You're challenging the transfer, and you're challenging the transfer on what basis? There was a check going out of the debtor. There was nothing coming back in. There was no asset that came into the estate from the foundation. And whether there was an asset that came into the estate from other source, there's no evidence of that. And that burden is on the other side to show their affirmative defense. Wait a minute. You just shifted the burden of proof. I thought you agreed that it's your responsibility to challenge the transfer of the trustees, and the trustees have to bring the evidence forth. You just said it was the other guy's fault. He didn't bring the evidence forth. That's a different burden. I think it's the trustee's burden that's going forward. The trustee has to just show a minimal prima facie case that there was a transfer where there was no value brought into the estate. Is that what MAJOR holds? Or less than reasonably equivalent value. What's the case you rely on that shows that MAJOR is wrong? I'm sorry, Your Honor. I could fidget and search for one here on the podium and it would take forever and it would take up all my time. I should have that. Yes, you should. I would think so. I would think that was one issue to be prepared for. It seemed to be the key issue of the case. I agree. It is a key issue of the case. Okay. Go ahead. I know that the burden shifts, and I know that there's a site for it, and I want to give it to the court, but I don't have it at the tips of my fingers right now. And I'm afraid that if I spend all my time looking for it, the court will focus on that, and I don't think that that's the issue. I think the court will find not only one case but several cases that say that the burden of going forward rests with the trustee and that once it shows that there's a transfer and questions value, whether reasonably equivalent value, then it goes to a shift to the other side to show that there was something reasonably equivalent value transferred. All right. And the trustee's position is there was nothing because nothing came from the foundation. Nothing was transferred to the estate. It was, if anything, if there was any value transferred at all, it was from Cal State University Fullerton, and Cal State University Fullerton's, the value of that transfer, no one submitted any evidence as to that, and that would be the burden of the party asserting that there was value, and that belongs to the foundation. And what, you know. But really on summary judgment, Counselor, given that it is a summary judgment now that the movement has moved and they've placed affidavits in the record, the affidavits placed in the record are the ones that the court would look at in determining whether there has been equivalent value. So as I understood it, the Dickerson affidavit is that. And if I read the Dickerson affidavit, it suggests whether they have the burden or whether they don't. It suggests that there was reasonably equivalent value and talks about why that was given and how given, in that the amount transferred was for the right to do certain things in the future, that they saved that right, and that all of that was taken care of, and that nobody else would have given that opportunity even to get involved, and that that was the contract and that that was what the debtor, if you will, wanted to get as a result of the transfer. So the value was the contracted value under the contract, not something we don't determine in the old consideration cases. We don't determine the amount of consideration necessary, but only if it's the bargain for value. And the contract said what it said. That's true, but if you look at the Dickerson declaration, it makes the conclusory statement, and this is somebody who is the foundation's representative, not the university's representative. It makes the conclusory statement that there's value given, that there's this contract with no value stated, and then it attaches various receipts, et cetera, from contractors that worked for the university, the foundation. It doesn't say. It shows that there was work done, but I'm not sure if that's work that benefited our debtor. But that's another question that I guess, again, for which you gave no evidence, whether the foundation was an agent of the university, and we have the Dickerson affidavit again as to whether they were an agent, and therefore the university receiving the, if you will, the benefit of the contract, and then we had no evidence, facts from the Dickerson affidavit and no facts from the Ehrenberg about whether the agency existed. Nothing back. And I think that goes back to the fact that this was really an issue motion. It was on the issue of sovereign immunity. The reason they didn't argue insolvency, which they didn't argue at all, and which was barely on the trustees' radar at the time and just threw in the schedules just to sort of complete the prima facie case, was because it was really a motion on the issue of sovereign immunity, and that's how it was argued on both sides. It was their motion for summary judgment. The trustee did not make a counter motion for summary judgment. They were arguing that their best case, they had proved their best case, and I don't think that's true. If you look at the declaration of Mr. Dickerson, it's just the foundation itself only saying that there was value, but that value was not provided by the foundation. It was provided by the University of California. There is no evidence from anyone at the University of California that it did anything in following the contract with the debtor. So there was no privative contract between the person who's saying that they gave value and the person who received it, and the University of California is not in the mix at all. Well, I don't think it's the burden for the foundation to present the absolute possible best evidence that could ever be had. I do think that to show reasonably equivalent value, which the question had been put up by the trustee, there has to be some form of value evidence that was provided from the University of California or that there was something that the estate got in exchange for the $500,000 that went straight into the bank account of the foundation. Now, the trustee is merely a forensic person looking after the fact at a transaction, and almost always it is the case that the trustees, it's a situation where there's minimal documentation, usually no records from the debtor, sometimes minimal records from the debtor. All the trustee knows is that there was a transfer of $500,000 and nothing came back. The trustee sent out discovery, which is attached to the declaration we filed, where there was questions asked in categories which would tend to prove that there was value. Well, all the trustee got back in exchange was a pile of receipts where you couldn't tell, in most of the cases, who was even providing the service for whom. No contracts, which would show, for instance, that it was signed by the foundation as an agent for the University of California or as some representative of the University of California. There was nothing like that, and we asked for that in discovery. We are trying to investigate the facts from a third party who's not involved's perspective, and we rely upon information given to us by parties that were involved. And in this case, we have one, which is the foundation. They were involved. We're asking them, okay, show us some value here. And what we got in exchange was we're sovereigns. We don't really have to deal with you. We're going to make a motion for summary judgment saying that we're immune from this, and we don't have to show you there's any value or bring an expert here to show that this contract had any value. And I would argue that to win that issue on summary judgment, they should have. There should have been some evidence showing that this amorphous right that perhaps the debtor could have used had some value. What the trustee had were schedules showing that it had zero value. That's what leads the trustee to ask this question and file the lawsuit in hopes of getting discovery to get the information back. The trustee serves discovery, and all we got was basically what's attached to the declaration of Cal State University Fullerton Foundation's representative, that they got some money from the debtor, and they put it in their general fund, and then they proceeded to use that money for something. But there's no connection between what they used it for and what the debtor received. And we're a bankruptcy estate. We're looking at it from the perspective of what's in our pot and a fraudulent transfer action for constructive fraud, which means that we're not saying that they did something terribly wrong. We're just saying that show us that something went into this estate that was of value here. If I understand correctly, the trustee doesn't object that there was value for the equivalent value for the transfer. The trustee objects that that is only good for the University of California and not the foundation, and they failed to prove agency. That's correct. Okay. Then what do we do with the Dickinson Affidavit, which, if taken at face value, proves agency? What do we do with that? I don't think it proves agency. If you look at what was attached to it, he talks about the Articles of Incorporation would generally sort of talk about why the foundation was established. But if you look at California agency law, there are indications, I guess you would say, signs of agency. And the trustee went through these signs like a checklist, put them in their discovery, and asked under each of these categories, where is the agreement between the foundation and the university that says that they're appointed as agents in this matter? Where is the indication that they were acting as agents in this matter? In other words, when they were talking to the contractors on the site, were they saying, this is really for the University of California, we're not buying this? What it looks like to me is that this was a donation from the foundation to help on this sports complex, or whatever it is that they built. And the connection that it was directly pursuant to the contract with the debtor is not necessarily there, and I don't think it's ever been shown or proven. In other words, what you're saying is that you should have gotten your discovery, but I don't see in the record where that was ever presented to the Bankruptcy Court. Oh, it was. It was attached to the trustee's declaration, the discovery that was propounded, and then the trustee in the declaration said, this is the discovery that was propounded, and all we got was what you see in the summary judgment motion. We didn't get anything in addition. And none of these categories was produced. It's really a we have to prove. Step back a second. You said you did object to what you got in discovery, and did you bring that to the attention of the Bankruptcy Court? I did. We didn't object. And what did the Bankruptcy Court do? I take it it was a motion to require additional discovery, correct? No. We got the Foundation's response that said, this is all we have. I understand that. What was your motion? We took it at face value that that was all they had, and I believe that's all they have. I don't think that these things exist. That's why I don't think that there's any agency. But you say there's a discovery glitch. They didn't give you what you thought they should, but it was never called to the Bankruptcy Court's attention, so you want us to draw inferences from that. Oh, no, no, no. You misunderstand the trustee's argument. Our argument is that we asked for everything in discovery. They produced what they told us is everything in discovery. I'm going to take that at face value, that that is everything that had to do with those categories that we asked for. If you take that at face value, that that is everything, there is a lack of evidence of agency in the evidence that they produced. I know it's difficult to prove a lack of something, but when you ask somebody for something and then they only give you a certain amount that they say is the whole corpus of what you asked for, you can conclude that it doesn't exist. And that's what the trustee's saying. It doesn't exist. There's no evidence of agency here. There's no connection between what possibly might have been value given by the University of California and whether there was value given by the foundation. So your point to us is that based upon what we have before us, whether that's sufficient to prove agency under California law. Correct. Thank you. Your time has expired. Thank you. Thank you, Your Honor. The discovery requests did not ask for any documents or discovery regarding agency. We filed a response. It's basically all documents that support your first affirmative defense, second affirmative defense. There were no specific requests for any documents whatsoever regarding agency, which we brought up in our reply brief. I think the key paragraph of the declaration that really disposes of this case is paragraph 7 of Mr. Dickerson's declaration. Upon receipt of half of the renovation amount, the university delivered the funds to the foundation, which on behalf of the university, immediately commenced hiring an architect and general contractor to make the renovations contemplated by the agreement. Each board paid the foundation the second half of the renovation amount directly. The renovation amount was exclusively used for the purpose specified in the agreement. If that doesn't create an agency relationship, I don't know what does. On the issue of this was really a sovereign immunity motion, not true. The papers say we're moving on two grounds, procedurally and substantive, and, in fact, I think only four pages of briefing in the moving papers discuss sovereign immunity. The rest of it discuss fraudulent conveyance and all of the elements. On the issue of reasonably equivalent value, California Civil Code Section 1614 provides that a written instrument is presumptive evidence of consideration, and under Civil Code Section 1615, Mr. Ehrenberg had the burden to show that Beachport did not receive reasonably equivalent value. So not only do you have a burden of proof because that's one of the elements of your case-in-chief under Celotex, but you have Civil Code Section 1615 that says the burden of showing lack of consideration lies with the challenging party. That last sentence that I just read is a quote from the Ninth Circuit. In In Re, I'll use DRT, which we cited in our brief, 786F2-910, the burden of showing lack of consideration lies with the challenging party. And we also cited In Re pre-Gene, 994F2-706, that says determining reasonably equivalent value is a question of law. And In Re Ozark Restaurant, 850F2-342, that says that you look to the value at the time of the transfer. Do you agree that once the trustee shows a prima facie case of insolvency, the burden shifts back to you? If the trustee had said, here's the evidence that shows insolvency at the time of the transfer? No, that isn't what I said. I said if the trustee shows a prima facie case of insolvency, is that sufficient to move the burden back to you? I would say yes. Pardon? I would agree that if the trustee made a prima facie case of insolvency at the time of the transfer, the burden would shift back to me to show you're wrong, Mr. Trustee. And then under those facts, you probably have tribal issues of material effect. But that's not our case. Yeah, okay. That's the Neumeier case. I'm glad you agreed with that. And I think the bottom line here is that the foundation did not take this money and pocket it. The foundation was implementing the contract that the university, who is not a party to this litigation, entered into with Peachport a year and a half before the bankruptcy. And the fact that the check went to B and then instead of C or then A instead of B, in other words, I think we're elevating form way over substance here. The undisputed evidence is the foundation did not pocket a penny of that $500,000. It was used exclusively to implement the contract, which that's what the foundation does. It implements contracts that the university entered into, and it didn't benefit one iota, and certainly it acted in good faith, which also is undisputed. That's paragraph 9 of Mr. Dickerson's declaration. Unless the panel has any further questions, I'm dismissed. Thank you very much. Thank you. The N. Ray Beachport Entertainment-Edder California State University v. Aaronburg is hereby submitted case CR or case 06558.
judges: Wallace, Nelson, Smith